IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARRETT HANIKA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-330-DWD |
| | ) |
| **D. SPROUL,** | ) |
| | ) |
| **Respondent.** | ) |

**ORDER**

**DUGAN, District Judge:**

Petitioner Garrett Hanika, an inmate of the Federal Bureau of Prisons, currently incarcerated at USP Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his federal sentence imposed in the United States District Court for the Southern District of Iowa (Case No. 1:20-CR-003). Petitioner alleges that the Bureau of Prisons wrongly denied him credit for time he served from December 30, 2019 to August 2020 when Petitioner was held in state custody pursuant to a detainer (Doc. 1).

This matter is now before the Court for preliminary review of the Petition (Doc. 4). Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

The execution of a federal prisoner's sentence, including its calculation, can be challenged in a § 2241 petition. See *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). Without commenting on the merits of Petitioner's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Petitioner is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent, the Warden of USP Marion, shall answer or otherwise plead to the Petition (Doc. 1) by **March 28, 2022**. This preliminary order to respond does not preclude Respondent from raising any objection or defense Respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: February 28, 2022

DAVID W. DUGAN
United States District Judge