IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARRETT HANIKA,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**D. SPROUL,** )<br>)<br>Respondent. ) | Case No. 22-cv-330-DWD |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Garrett Hanika, an inmate of the Federal Bureau of Prisons, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his federal sentence imposed in the United States District Court for the Southern District of Iowa (Case No. 1:20-CR-003). Petitioner alleges that the Bureau of Prisons wrongly denied him credit for time he served from December 30, 2019 to August 2020 when Petitioner was held in state custody (Doc. 1). Respondent contends that Petitioner has received all the credit against his sentenced that is due. For the reasons detailed below, the Petition will be denied.

### Background

On November 7, 2019, Petitioner was arrested by Iowa state authorities and charged with harassment and assault with intent to inflict serious injury in Iowa state court (the "State Case") (Doc. 11-1, p. 5). Petitioner was released on bond on November 12, 2019 (Doc. 11-1, p. 7), but then rearrested by authorities on December 30, 2019 (Doc.

1

11-1, p. 30). Related to this rearrest, and while Petitioner was in state custody awaiting sentencing by the state court, Petitioner was charged in the United States District Court for the Southern District of Iowa (Case No. 1:20-CR-003) with Prohibited Person in Possession of a Firearm on January 28, 2020 (Doc. 11-1).

On July 27, 2020, Petitioner was sentenced to a 180-day term of imprisonment in the State Case, resulting in time served (Doc. 11-1, pp. 5, 14-15). Petitioner completed his state sentence on June 27, 2020, which was 180 days after his rearrest on December 30, 2019 (Doc. 11-1, p. 5). Petitioner was released to the custody of the United States Marshals Service on June 27, 2020 (Doc. 11-1, p. 30).

On June 29, 2021, Petitioner was sentenced by the Untied States District Court for the Southern District of Iowa to a 41-month term of imprisonment (Doc. 11-1, pp. 19-20). The Bureau of Prisons ("BOP") calculated Petitioner's federal sentence to commence on June 29, 2021, the day it was imposed (Doc. 11-1, p. 27). Petitioner also received prior custody credit from June 28, 2020 through June 28, 2021 for the time Petitioner spent in custody subsequent to the completion of his state court sentenced, yet prior to the imposition of his federal sentenced (Doc. 11-1, p. 28).

## Discussion

Respondent argues that Petitioner has failed to exhaust administrative remedies. Petitioner filed supplement (Doc. 8), in which he represented that he tried to exhaust his administrative remedies before filing his petition, but "was turned down due to the wrong remedy." However, he then submitted the correct form and anticipated a decision on March 24, 2022, which was nearly a month after he first filed his petition (Doc. 8). The

records submitted with Respondent's Response corroborate Petitioner's remarks (Doc. 11-2). Indeed, the records indicate that Petitioner submitted an "Administrative Remedy Informal Resolution" form on February 22, 2022, only three days before filing his Petition with the Court (Doc. 11-2, p. 10). The informal request was denied on February 23, 2022, and Petitioner submitted an Administrative Remedy receipt on or about March 4, 2022, requesting prior custody credit (Doc. 11-2, p. 14). This request was denied by the Warden on March 15, 2022 (Doc. 11-2, p. 14), eighteen days after Petitioner filed his Petition with the Court. Petitioner did not appeal that denial to the BOP's Office of General Counsel via the Central Office (Doc. 11-2, p. 3).

The Attorney General, acting through the Bureau of Prisons, calculates the sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329 (1992). The calculation, *i.e.*, the execution, of the sentence can be challenged in a 28 U.S.C. § 2241 petition. However, before the Court can consider such a claim, petitioner must exhaust administrative remedies. The Seventh Circuit has squarely held that a claim concerning the computation of a sentence can be considered a petition for habeas relief only after administrative remedies have been exhausted. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). It is true that the exhaustion requirement for a 28 U.S.C. § 2241 case is not created by statute and is not jurisdictional. Nonetheless, the Seventh Circuit has clearly stated that exhaustion is required in cases such as this. *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983).

The Bureau of Prisons has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her

own confinement." 28 C.F.R. § 542.10(a). The Program is described in detail in the Response to the Petition (Doc. 11-2, pp. 1-3). Here, Petitioner attempted to start the process by filing a complaint directly with the BOP's Office of General Counsel via a Central Office Administrative Remedy Appeal in January 2022 (Doc. 11-2, p. 3). However, this request was rejected for being submitted to the wrong level (Doc. 11-2, p. 3). Petitioner submitted his institutional level request to UPS-Marion seeking credit on his sentence on March 4, 2022 (Doc. 11-2, p. 3), and *after* filing his Petition with the Court. Petitioner's request was denied on March 15, 2022 (Doc. 11-2, p. 3), and Petitioner did not appeal that denial to the Regional Office. Therefore, Petitioner has failed to exhaust administrative remedies.

Even if Petitioner had properly exhausted administrative remedies, he would not be entitled to the relief he seeks. 18 U.S.C. § 3585(b) provides that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." See, United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000). The Seventh Circuit has repeatedly held that § 3585(b) means what it says: the time that a defendant spends in pre-sentence custody cannot be credited to his newly-imposed sentence if that time has been credited to another sentence. See, United States v. Walker, 98 F.3d 944, 945 (7th Cir. 1996) ("The statute [§ 3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); Ross, 219 F.3d at 594 ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); Grigsby v. Bledsoe, 223 F. App'x 486, 488–489 (7th Cir. 2007), and cases cited

4

therein; *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001).

Petitioner has been given credit on his federal sentence for all of the time beginning on the day on which it was imposed, June 29, 2021 (Doc. 11-1, p. 27). Petitioner was also given prior custody credit from June 28, 2020 to June 28, 2021 for the time Petitioner spent in custody subsequent to the completion of his state court sentence, yet prior to the imposition of his federal sentence (Doc. 11-1, p. 28). However, Petitioner cannot be given credit for the time he spent in state custody before June 28, 2020, because that time was credited to his state sentence. 18 U.S.C. § 3585(b).

Petitioner also briefly asserts that he was wrongfully given a 4-level enhancement for "relevant conduct" at sentencing premised on his dismissed state court charge for eluding/fleeing (Doc. 8, p. 1). Although it is not entirely clear, and the argument is underdeveloped, Petitioner seems to be arguing that his federal sentence should be adjusted on that basis. This argument concerns the imposition of sentence, not the execution of sentence, and therefore cannot be brought in a § 2241 petition. *See*, *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (where alleged error occurred at or prior to sentencing, the remedy is under § 2255, not § 2241). An argument that the sentencing court misapplied (or failed to apply) certain sentencing factors is not cognizable in a § 2241 petition. *See*, *e.g.*, *McCall v. United States*, 304 F. App'x 449, 450 (7th Cir. 2008); *Gravitt v. Veach*, 229 F. App'x 417, 418 (7th Cir. 2007) (ordinarily only challenges to the execution of a sentence are properly brought under § 2241").

5

In short, Hanika failed to exhaust administrative remedies. Even if he had exhausted, his argument that he should be given credit on his federal sentence for the time spent in custody prior to the imposition of that sentence is barred by 18 U.S.C. § 3585(b). And, his claim regarding the imposition of his sentence is underdeveloped, and cannot be brought in a 28 U.S.C. § 2241 petition absent a showing that a § 2255 petition is "inadequate or ineffective to test the legality of his detention", 28 U.S.C. § 2255, which Petitioner has not done.

## Conclusion

For the foregoing reasons, Garrett Hanika's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The Petition is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment in favor of Respondent and to close this case.

**SO ORDERED.**

Dated: October 4, 2022

DAVID W. DUGAN
United States District Judge